# Weekly Abstract Of Pending Cases

## No. 33

RITCHY et al v. BRETT Rec.
No. 18811 Ohio Supreme Court
ON MOTION TO CERTIFY
1002. RECEIVERS—Are plaintiffs for receiver appointment liable for operation deficit?

Ritchey and Moeller filed a petition as stock holders and bond holders of the Euclid-One Hundred Two Theatre Co. asking for appointment of a receiver for that company in the common pleas. Brett was appointed receiver and ordered to continue the business of the company. The receiver operated the Circle Motion Picture Theatre in Cleveland for one and a half years during which time his operation showed a continuous loss amounting to approximately $15,000.00. The Cleveland·Trust Co., trustee of mortgages of the leasehold estate of the theatre company, instituted a foreclosure suit on the mortgages in a separate action.

On application to the court by the second mortgage bondholders protective committee the receiver was ordered to sell all the property of the theatre company not covered by the mortgage for $6,000.00, which was not sufficient to pay the receiver's obligations, leaving a deficit which amounted to $9,243.69. The receiver filed his account with the court and moved that it be approved. By separate motion the receiver prayed the court to tax the amount of his deficit as costs against the plaintiffs.

The common pleas approved the accounts of the receiver but overruled the motion to tax the deficit as·costs against the plaintiff ordering distribution pro rata ·to the receiver''s creditors and dismissing the action. In error to the court of appeals from the order overruling the motion to tax the deficit as costs the higher court by a divided court reversed the order of the common pleas and entered judgment against the plaintiffs in the sum of $9243.69. From this judgment error is also prosecuted.

It is contended that the plaintiffs are deprived of their property without due process of law in violation of Art. 14, Sec. I, of the amendment of the constitution of the United States and Art. 4, Sec. 5, 16 and 19, of the constitution of Ohio.

The question involved in the case is whether the plaintiff in a suit in which a receiver is appointed at their request become liable for a deficit incurred in the operation of the receivership business in case where the receiver was properly appointed and the said plaintiffs have been found entitled to the relief prayed for in the suit.

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp.

## No. 34

STATE v. MEHAFFY
No. 18802. Ohio Supreme Court
ON MOTION TO CERTIFY
1245. WAGES—Does "rate or charge" in excess of 8 per cent apply to purchase of salaries?

333. CRIMINAL LAW—Has Supreme court appellate jurisdiction in misdemeanors?

Motion of state to require Cuyahoga court of appeals to certify record. Docketed November 15, 1924. State obtained judgment in Cleveland ·municipal court finding the defendant guilty of engaging in business of purchasing salaries at a charge or rate of interest in excess of 8% per annum without license in violation of 6346-1. Mehaffy is manager and agent of the American Finance Co. which by instrument in writing purchased of employes an undivided interest in their wages earned during a fixed period. In one particular case cited in the brief $25 was paid to an employe who assigned $27.50 of his next pay which was due within two weeks after sale was made.

Mehaffy prosecuted error and court of appeals reversed judgment below holding that the statute did not apply to the business .of purchasing salaries but of purchasing loans on salaries and that the language "a rate or charge in excess of 8% per annum" had no reference to purchasing of salaries.

The questions involved in this case are:
(1) Whether the Supreme Court will entertain appellate jurisdiction in a misdemeanor case and
(2) Whether 6346-1 is to be construed as applying to purchasing salaries or wage earnings at a charge or rate in excess of 8% per annum or whether the interpretation of court of appeals that the statute applies to purchasing of loans on sale is correct.

Attorneys—Carl F. Shuler, Director of Law; Geo. W. Perry, Asst. Director of Law; Prosecuting Attorneys of the Municipal Court of Cleveland, Ohio.